Bethany G. Lukitsch, Bar No. 314376
blukitsch@bakerlaw.com
Andrew C. Burnquist, Bar No. 359076
aburnquist@bakerlaw.com
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, California 90067-4301
Telephone: 310.820.8800
Facsimile: 310.820.8859

Michael A. Kushner, Bar No. 335840
mkushner@bakerlaw.com
**BAKER & HOSTETLER LLP**
600 Anton Blvd, Suite 900
Costa Mesa, California 92626-7221
Telephone: 714.754.6600
Facsimile: 714.754.6611

Attorneys for Defendant
DOTDASH MEDIA, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

TYLER MAGHONEY, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

DOTDASH MEDIA, INC.,

Defendant.

Case No.: 3:24-cv-02394-AJB-AHG

Assigned to the Hon. Anthony J. Battaglia, Courtroom 4A

**REPLY TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

**<u>Hearing</u>**
**Date:** **July 31, 2025**
**Time:** **2:00 p.m.**
**Courtroom:** **4A**

Action Filed: December 19, 2024

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

## I. INTRODUCTION

Plaintiff must believe that if he repeats the same unsubstantiated allegations often enough and mention enough "sensitive" words, he will convince this Court that there is merit to his claims. This Court, however, should not succumb to Plaintiff's smoke and mirrors. Nothing collected on the Website ***identifies Plaintiff***. Moreover, Verywell is not a "provider of healthcare," either in everyday parlance or more importantly, under the CMIA; it is a free, public online media source that publishes articles on a wide variety of health and wellness topics. Verywell does not intake or provide medical treatment to patients; in fact, the website does not offer the ability to create a user account necessary to store, collect or associate individualized medical information. And, while Plaintiff claims that Dotdash injured him by improperly sharing with third parties "confidential medical information"—search terms—that Plaintiff now broadcasts on the public docket, unsealed and without a pseudonym, such a theory defies reason and strains credulity.

The operative and uncontested facts doom his claims, which must be dismissed with prejudice.

## II. ARGUMENT

### A. This Court Should Deny Plaintiff's Motion to Strike.

In an attempt to sidestep the thrust of Dotdash's Motion, Plaintiff asks the Court to strike the Gobell, Michael, and Vint Declarations (collectively, the "Supporting Declarations") as "procedurally improper under Rule 12(b)(6)." Opposition to Motion to Dismiss ("Opp."), p. 26:27 – 27:1. However, Dotdash only submitted these Declarations in support of its Rule 12(b)(1) standing arguments.

District courts may consider evidence beyond the pleadings in a Rule 12(b)(1) standing challenge. *See, e.g.*, *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."). As such, whether facts in the Supporting

Declarations are "neither referenced in nor incorporated by" (Opp., p. 27:17-18) the FAC has no bearing on the Court's standing analysis. The Supporting Declarations provide the Court uncontroverted factual evidence of no injury requiring dismissal for lack of standing. But, even assuming Plaintiff's vague and conclusory allegations of injury are "well-pleaded" (they are not), the Court need not accept their truth for purposes of ruling on standing. *See Safe Air for Everyone*, 373 F.3d at 1039.

The Court should deny Plaintiff's request to strike the supporting declarations. *See Sywula v. Teleport Mobility, Inc.*, 652 F.Supp.3d 1195, 1209 (S.D. Cal. 2023) (request to strike, rather than ignore, declarations "would preclude this Court from considering those declarations in analyzing the factual strand of [moving party's] Rule 12(b)(1) Motion. This is a bridge too far.").

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

## B. Plaintiff Has Not Established Standing.

Plaintiff has not put forth facts evidencing an invasion of privacy or cognizable injury. This is because the information Dotdash *purportedly* collected—IP address, page navigation history, search terms, cookies, and device identifiers—is not personally identifiable ***to Plaintiff***. *See* Motion, Section IV.A.1.a.

His claims must be dismissed for lack of subject matter jurisdiction.

### 1. Plaintiff Has Not Pled a Legally Protected Privacy Interest in the Information Collected.

First, nothing in Plaintiff's Opposition counters the abundance of case law finding that there is no legally protected privacy interest in the information Dotdash purportedly collected. Motion to Dismiss FAC ("Motion"), Section IV.A.1.a. Not only does the type of data not fall within that which could potentially lead to a protected interest, but Plaintiff fails to plead that the data identifies him (versus potentially an IP address or a device).

While the Opposition attempts to recast Plaintiff's search terms as *his own* sensitive medical information (*see, e.g.,* Opp., p. 10:22), Plaintiff does not cite any facts demonstrating a link between the searches and him nor any case law suggesting

that unidentifiable, generic search terms on a public, health publication website reflect personal health conditions or constitute a legally protected privacy interest. To the contrary, a host of cases find that such searches *do not* constitute the health condition of the searcher, such that disclosure obligations would apply. *Smith v. Facebook, Inc.,* 745 F. App'x 8, 9 (9th Cir. 2018) ("Put simply, the connection between a person's browsing history and his or her own state of health is too tenuous" for HIPAA disclosure requirement to apply); *Nienaber v. Overlake Hosp. Med. Ctr.*, 733 F.Supp.3d 1072, 1084 (W.D. Wash. 2024) (search for "cancer" on public website, without identifiable information, is not disclosure of plaintiff's PII or PHI); *Am. Hosp. Ass'n v. Becerra*, 738 F.Supp.3d 780, 801 (N.D. Tex. 2024) (hypothetical website visits for booking dialysis appointments or onset of Alzheimer's disease is not indicative of visitor's own health); *Smith v. Facebook, Inc.*, 262 F.Supp.3d 943, 955 (N.D. Cal. 2017) (search for "intestine transplant" does not relate to past, present, or future physical or mental health condition of individual); *R.C. v. Walgreen Co.*, 733 F.Supp.3d 876, 893 (C.D. Cal. 2024) ("An internet user might research medical information for reasons unrelated to the user's own health conditions.").

Plaintiff's citation to *Zarif v. Hwareh.com, Inc.*, No. 23-cv-0565-BAS-DEB, 2025 WL 486317 (S.D. Cal. Feb. 13, 2025) is inapposite. In *Zarif*, the defendant operated an online pharmacy that marketed and shipped prescription medication and other healthcare items. *Id.* at *1. Here, Dotdash operates a free publication site that does not treat patients. Courts have reasoned that privacy expectations for online pharmacies differ drastically from those for strictly informational sites. *See, e.g., R.C. v. Walgreen Co.*, 733 F.Supp.3d at 893-94 (discussing privacy implications of collecting public browsing activity versus collecting purchases of health items). Moreover, despite Plaintiff's (incorrect) assertion, *Zarif* did not address standing.

2. Plaintiff Cannot Claim a Reasonable Expectation of Privacy.

Second, nothing in the Opposition supports a *reasonable* expectation of privacy in information Dotdash collected. Plaintiff alleges that the Website, "invites





BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

visitors to conduct highly sensitive health-related searches" that qualify as "users' private health queries." Opp., p. 11:19-24. But Plaintiff provides no case law showing that search terms on a comparable, free public website hold a reasonable expectation of privacy. Nor does the Opposition address the overwhelming amount of case law cited in the Motion that supports the opposite conclusion. Motion, Section IV.A.1.b.

3. Nothing Dotdash Did Was Highly Offensive.

Lastly, Plaintiff has not countered Dotdash's argument that its conduct was not highly offensive, ignoring the ample case law and reasoning concluding the same.

First, Plaintiff simply repeats, in a conclusory fashion and without supporting authority, that collection of "highly sensitive health-related search activity" is not routine and is sufficiently serious. Opp., p. 5:26. Again, repeating these words does not make them true. As the Motion details, both reason and case law weigh heavily against any finding of a serious invasion of privacy. *See* Motion, Section IV.A.1.c.

Next, the Opposition speculates about the ominous privacy concerns D/Cipher supposedly creates. But Plaintiff is flatly mistaken about what D/Cipher is and how it functions. D/Cipher does not fingerprint, accumulate IP addresses and identifiers, or share identifiable search terms, page navigation history and metadata with third parties. Opp., p. 3:5-14. And despite citing to factually unsupported (and untrue) claims in the FAC, nothing in the record supports this. *In fact,* Dotdash's Senior VP of Data Strategy and Insights attested that "D/Cipher does not, and cannot, identify a particular visitor accessing a browser or page" and any inferences made "are not based on any personal information of users." Gobell Decl., ¶¶ 8-9. This declaration provides a comprehensive and unrebutted summary of what D/Cipher actually does.[1] Plaintiff's speculation and misunderstanding cannot serve as a basis for standing.

*Smith v. Am. Pain & Wellness, PLLC*, 747 F. Supp. 3d 989, 1003 (E.D. Tex. 2024) and *In re Horizon Healthcare Services, Inc. Data Breach Litig.*, 846 F.3d 625,

[1] Notably, Plaintiffs failed to file any objections to any of the Supporting Declarations or rebut them with evidence of their own, which presumably they should have gathered to support the FAC's allegations in the first place. *See* Fed. R. Civ. P. 11(b).



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

635 (D.N.J. 2017) are inapposite. Both involve data breaches and individually identifiable private health information. Here, even if shared with others, none of the alleged collected information is linked to *Plaintiff*. Opp., p. 7:19-20 ("Plaintiff does not allege he voluntarily entered his name, address or Social Security number into VerywellHealth.com.").

Finally, Plaintiff attempts to analogize Dotdash's conduct to a human observer surreptitiously tracking computer movements. His analogy is not persuasive and even it requires numerous assumptions this Court is not required to make. In Plaintiff's hypothetical (unlike here), the human observer can identify the person performing the search and relay their observations to third parties with the person's identity. Moreover, the observer knows that the searches are related to the person's own illness. Here, the website technology cannot do either. Not only is the information collected on the Website *anonymized* when collected, but as the Motion elaborates, there is no piece of information, including IP address, that can link the information collected to Plaintiff or *understand the motivation behind Plaintiff's search*.

Because Plaintiff has failed to allege a cognizable harm under article III, this Court lacks subject matter jurisdiction to hear the claims.[2]

[2] Plaintiff's Opposition raises, for the first time, two new injuries: the disclosure of private information and intrusion upon seclusion. Because these injuries were not raised in the FAC, they cannot serve as a basis to survive Dotdash's standing challenge. *Warth v. Selden*, 442 U.S. 490, 501 (1975) (on motion to dismiss for lack of standing, court "must accept as true all material allegations of the *complaint* and must construe the complaint in favor of the complaining party.") (emph. added). Nonetheless, these harms fail on the merits. The disclosure of Plaintiff's information was not public, did not involve a private fact, and was not sufficiently serious. *See Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 27 (1994) (public disclosure requires information be "widely published and not confined to a few persons or limited circumstances."). Further, there was no intentional intrusion that was highly offensive to a reasonable person. *Farst v. AutoZone, Inc.*, 700 F. Supp. 3d 222, 231 (M.D. Penn. 2023) ("Reasonable people understand that what they 'do on the Internet is not completely private.'") (cit. omitted).

Baker & Hostetler LLP
Attorneys at Law
Costa Mesa

**B. Plaintiff Fails to State a Claim for Each of His Causes of Action.**

1. Plaintiff's CMIA Claim Fails.

Dotdash is not a "provider of healthcare" under the CMIA. Plaintiff tries to shoehorn Verywell, a free publication site, as a healthcare provider under the CMIA simply because the statute provides broad protection. Opp. p. 13:11-13. But Plaintiff has not addressed how Verywell could possibly fit the CMIA's definitions of a provider of healthcare. It is not a business organized for the purpose of maintaining patient medical health information and does not offer hardware or software designed to maintain patient medical information. Cal. Civ. Code §§ 56.06(a), (b). Indeed, there is no user log-in function or ability to receive treatment or purchase medication online. Inviting visitors to read health and wellness-related articles does not make Dotdash the "functional equivalent to a digital health platform." Opp. p. 13:26.

California courts frequently maintain that defendants *that are much closer to medical information than Verywell* are not providers of healthcare under the CMIA. *In re Accellion Data Breach Litig.*, 713 F.Supp.3d 623, 643-44 (N.D. Cal. 2024) (software company that handles and shares patient's medical records not provider); *Oddei v. Optum, Inc.*, No. 2:21-cv-03974, 2021 WL 6333467 at *1-2 (C.D. Cal. Dec. 3, 2021) (company producing plaintiff's medical records not provider); *In re BetterHelp, Inc. Data Disclosure Cases*, No. 23-cv-01033, 2024 WL 3416511 (N.D. Cal. July 15, 2024) (online counseling service matching users with therapists and facilitating counseling is not provider); *In re Arthur J. Gallagher Data Breach Litig.*, 631 F.Supp.3d 573, 595 (N.D. Ill. 2022) (consulting company for HR and benefits and claims administration company are not providers).

Plaintiff's cases are also inapposite. For example, in *J.M. Illuminate Educ., Inc.,* the defendant was an education consulting business that specifically maintained student medical records on its network. 103 Cal. App. 5th 1125, 1130-32 (2024). *Cousin v. Sharp Healthcare* is also inapplicable; the defendant operated hospitals and medical groups and offered a healthcare plan. 702 F.Supp.3d 967 (S.D. Cal. 2023).



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

2. Plaintiff's Pen Register and Trap and Trace Claims Fail.

Plaintiff's CIPA Section 638.51 claim fails. Plaintiff did not address CIPA's legislative history that strongly supports avoiding liability for website technology. Notably, Plaintiff's cited cases did not address legislative history arguments, and both *Greenley* and *Moody* fail to address the "court order" requirement of Section 638.51. While some cases have held that website technology *could* fall within CIPA's purview, none are binding and there likewise is a handful of California cases that find no liability. *See e.g., Casillas v. Transitions Optical, Inc. I* (Super. Ct. L.A. Cty., April 23, 2024 Minute Order, No. 23STCV30742); *Casillas v. Traveler's Choice* (Super. Ct. L.A. Cty., May 29, 2024 Minute Order, No. 24STCV01337); *Licea v. Hickory Farms LLC* (Super. Ct. L.A. Cty., March 13, 2024 Minute Order, No. 23STCV26148); *Levings v. Open Text Corp.* (Super. Ct. L.A. Cty., September 3, 2024 Minute Order, No. 24STCV05440); *Casillas v. Transitions Optical, Inc. II* (Super. Ct. L.A. Cty., September 9, 2024 Minute Order, No. 23STCV30742). Additionally, Plaintiff did not address CIPA's independent injury requirement.

Further, Section 638.51 does not apply to a device that captures the substance of communications, as opposed to only address information. Section 638.51 was enacted to ensure distinct offenses for capturing address information *or* contents of a communication. *See Act of Aug. 13, 2015, Hearing on A.B. 929 Before the Comm. on Pub. Safety*, 2015–16 Regular Sess. at 10 (Cal. Assemb. 2015) (Pen registers "do not record audio or text messages and cannot be used to obtain real-time location data on a cellular telephone."); *id.* at 10–11 ("Unlike a wiretap authorization, pen registers . . . do not provide law enforcement with the content of messages which are transmitted."). While disputed, the FAC alleges that the Website technology captured and transmitted contents of communications. *See* FAC, ¶ 267 ("Defendant intentionally intercepted . . . the contents of Plaintiff's and Class Members' electronic communications…"), ¶ 303 ("its customer's sensitive and confidential online communications"). Consequently, Plaintiff's Section 638.51 claim cannot survive.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

*See Segen v Rickey*, 2008 WL 590505, at *3–4 (N.D. Cal. Feb. 29, 2008) ("While pleading in the alternative is allowed, Plaintiff cannot plead contradictory facts.").

3. Plaintiff's California Wiretapping Claim Fails.

Nothing in the Opposition cures Plaintiff's CIPA Section 631(a) defects. As a threshold issue, any framing of D/Cipher as a "third party" tool is plainly inaccurate. D/Cipher was developed by Dotdash. *See* FAC, ¶¶ 51, 60. The contemporaneity requirement is also unfulfilled. While the phrase "in real-time" appears throughout his FAC, this characterization of the collection process is belied by other allegations claiming that information is transmitted *then* collected or shared by third parties. *See* FAC ¶ 141 (website technology "extract[s] search terms entered by users regarding specific medical conditions, which are ***then*** transmitted to third-party advertising networks."), ¶ 165 ("[Third parties] can ***then*** collect, store, and process this sensitive information [after transmission]") (emph. added). Plaintiff alleges a fragmented process where transmission and collection are distinct steps, failing the contemporaneity requirement. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 807 (1999) (rejecting theory that FRCP 8 permits plaintiffs to plead inconsistent *facts* and providing that courts "should require an explanation of any apparent inconsistency"); *see also Segen*, 2008 WL 590505, at *3–4.

4. Plaintiff's Federal Wiretap Act Claim Fails.

Plaintiff has not rebuffed that Dotdash is a party to the communications. *See* FAC ¶ 161 ("communications between users and the website" intercepted), ¶ 286 (interception of communications occurred "before Plaintiff's communications were fully received by Defendant's website servers"). The case law is clear that no liability under the Federal Wiretap Act exists if the defendant is a party to the communication. *See* Motion, p. 26:9-14. Also, the conclusory assertion that Dotdash intended to commit an invasion of privacy tort, and is subject to the crime-tort exception, is refuted by the FAC's emphasis that the website technology was used for "financial gain" and to "increase [its] profit margins." FAC, ¶ 269.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

5. Plaintiff's Computer Data Access and Fraud Act Claim Fails.

None of the allegations cited in the Opposition hold that Dotdash accessed *Plaintiff's* computer, let alone his computer network or his website, a fatal flaw to his CDAFA claim. Opp., p. 22:23-p. 23:3 (citing FAC ¶¶ 24-25, 153, 161, 184-186, 189, 193). To the extent Plaintiff alleges Dotdash accessed anything, it was Dotdash's own Website. *See* FAC, ¶ 184 ("Defendant embedded on ***the Website***…"); ¶ 189 ("… Spyware companies used… information it intercepted in real time while in transit from ***Defendant's Website***…") (emph. added). Plaintiff also notably fails to address *In re Facebook Priv. Litig.*, holding that a CDAFA claim requires allegations that the defendant accessed something—a computer, a computer network, or website—that they did not own. 791 F.Supp. 705 (N.D. Cal. 2011), *aff'd*, 572 F. App'x 494 (9th Cir. 2014).[3] Instead, Plaintiff relies on cookie cutter allegations purporting to allege damages (*See* Opp., p. 23: 20-25), where Courts have repeatedly refused to hold similar allegations sufficient to establish damages. *See* Motion, p. 28: 8-16.

6. Plaintiff's Computer Fraud and Abuse Act Claim Fails.

Plaintiff's CFAA claim fails because he still does not allege that he accessed the Website using ***his*** personal device. *See* FAC.

Plaintiff's damages allegations also fail. While Plaintiff asserts that the loss suffered from "responding to an offense" is sufficient (*see* Opp., p. 24:18-22), he assumes without merit that he has sufficiently alleged a CFAA violation in the first place. The allegations Plaintiff relies on (*see* Opp., at p. 24:27–p. 25:1) are entirely conclusory and insufficient. Nor do Plaintiff's allegations permit a "reasonable inference" of harm (*see* Opp., p. 25:1-5), where his factual allegations fail to support any inference that is reasonable. *See Sprint Telephony PCS, L.P. v. Cnty. of San Diego*, 311 F.Supp.2d 898, 903 (S.D. Cal. 2004) ("[T]he court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual

[3] Nor does Plaintiff address Dotdash's argument that *Greenley* is readily distinguishable (*see* Motion, p. 29:2-7).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

allegations."). By their nature, conclusory allegations of ***legal*** harm are not entitled to a presumption of truth, and, in turn, cannot support inferences that are ***reasonable***. *Id.* And, the "technical complexity" of the website technology is no excuse.

7. Plaintiff's Stored Communications Act Claim Fails.

Plaintiff has yet to identify the facility through which the communication service was provided, the electronic storage system, or specifically the electronic communications at issue, dooming his claim. *In re Facebook Internet Tracking Litig.* is distinguishable. 956 F.3d 589 (9th Cir. 2020). There, the *In re Facebook* court referenced its earlier decision in *Theofel v. Farey-Jones*, 359 F.3d 1066, 1072 (9th Cir. 2004), which found that the storage of emails on a third-party service provider's server for backup was actionable under the SCA. Here, the browsing information and device details allegedly collected are not squarely "electronic communications" like emails and no separate storage facility or device where communications are housed is pled. Plaintiff makes no effort to overcome these obstacles, and Defendant's cited case law, that Plaintiff did not address, vitiates any potential SCA violation.

## V. CONCLUSION

Plaintiff's repeated say-so does not remedy his misunderstanding of Verywell's business and offerings, nor make his subjective expectations of browsing history on a public website reasonable or actionable. This Court should grant the Motion without leave to replead.

DATED: June 6, 2025

**BAKER & HOSTETLER LLP**

By: */s/ Bethany G. Lukitsch*
Bethany G. Lukitsch
Michael A. Kushner
Andrew C. Burnquist

Attorneys for Defendant
DOTDASH MEDIA, INC.